# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
**CHARLES D. AUSTIN**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

August 22, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:  *Deborah O. v. Martin O'Malley, Commissioner, Social Security Administration*
Civil No. 23-2680-CDA

Dear Counsel:

On October 3, 2023, Plaintiff petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claims for benefits. ECF 1. The case was then referred to a magistrate judge by consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). The Court has considered the administrative record (ECF 8) and the parties' dispositive filings[1] (ECFs 11, 13). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons explained below, the Court will GRANT Plaintiff's Motion for Remand, REVERSE the SSA's decision, and REMAND the case to the SSA.

## I.   PROCEDURAL BACKGROUND

Plaintiff protectively applied for disability insurance benefits on July 12, 2017, and protectively applied for supplemental security income on April 19, 2018. Tr. 12. The applications were denied initially and on reconsideration. *Id.* After holding a hearing, an Administrative Law Judge ("ALJ") concluded that Plaintiff was not entitled to benefits. Tr. 9–31. The Appeals Council declined Plaintiff's request for review, Tr. 1–6, so Plaintiff appealed to this Court, Tr. 1755–63. After the Court remanded Plaintiff's case to the SSA, the Appeals Council vacated the ALJ's decision and ordered further analysis. Tr. 1767. On January 5, 2023, an ALJ concluded that Plaintiff was not entitled to benefits. Tr. 1663–89. Plaintiff once again sought review by the Appeals Council. Tr. 1652. Because the Appeals Council declined to assume jurisdiction over Plaintiff's case, *see id.*, the SSA's January 5, 2023 decision is final and subject to judicial review, *see* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.984(b)(2), 416.1484(b)(2).

## II.   THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

---

[1] In her dispositive filing, Plaintiff states that she is moving, in the alternative, to "have this matter remanded to the [SSA] for a new administrative hearing." ECF 11, at 1. Although this Motion is essentially duplicative of the grounds for remand set forth in Plaintiff's brief, the Court will grant the Motion because it finds that remand is warranted.

*Deborah O. v. O'Malley*
Civil No. 23-2680-CDA
August 22, 2024
Page 2

be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The SSA evaluates disability claims using a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.  Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, at step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since the alleged onset of her disability.  Tr. 1669.  At step two, the ALJ found that Plaintiff "has the following severe impairments: history of cardiac catheterization with stenting; coronary artery disease; osteoarthritis of the right knee and bilateral hips; obesity (but losing weight); focal ostial stenosis; and depressive disorder."  *Id.*  The ALJ also determined that Plaintiff has the following non-severe impairments: mild multilevel degenerative disc disease of the lumbar and cervical spines; gastroesophageal reflux disease; borderline diabetes; hypertension; sleep apnea; mild memory disturbance; and history of cocaine use.  Tr. 1670.  At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  *Id.*  The ALJ then determined that Plaintiff has the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except can occasionally climb ramps or stairs and can never climb ladders, ropes or scaffolds. Can occasionally balance, stoop, kneel, crouch, or crawl. Can have no more than occasional exposure to extreme cold, heat, humidity, to vibration, to dust/fumes/odors/gases/poor ventilation, or to hazards such as moving machinery and unprotected heights. Requires the option to change positions throughout the workday as needed up to 2 times per hour for up to 10 minutes at a time while remaining on task. She can frequently reach overhead bilaterally. She can understand and remember simple instructions and carry out simple routine tasks. She could maintain concentration, persistence and pace in at least 2-hour increments. Any time off-task can be accommodated by normal breaks. Can occasionally change activities or work settings during the workday without being disruptive. Can tolerate occasional changes to the routine work setting.

Tr. 1673–74.  At steps four and five, the ALJ found that Plaintiff could not perform any past relevant work but could perform other jobs that existed in significant numbers in the national economy.  Tr. 1680–81.  The ALJ concluded that Plaintiff was not disabled.  Tr. 1682.

## III.   LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  The ALJ's factual findings are conclusive if supported by "substantial evidence," 42 U.S.C. § 405(g), which is "evidence which a reasoning mind would

*Deborah O. v. O'Malley*
Civil No. 23-2680-CDA
August 22, 2024
Page 3

accept as sufficient to support a particular conclusion," *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ "analyzed all evidence" and "sufficiently explained the weight [they have] given to obviously probative exhibits[.]" *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997).

## IV.   ANALYSIS

Plaintiff argues that the ALJ erroneously assessed her RFC insofar as they "failed to set forth a proper narrative discussion, failed to perform a proper function-by-function analysis, failed to properly address . . . mental impairments, and failed to properly address the findings of the consultative examiner[.]" ECF 11, at 24. Plaintiff also avers that the ALJ erroneously evaluated her subjective complaints. *Id.* Defendant counters that substantial evidence supports the ALJ's findings concerning RFC and subjective complaints. ECF 13, at 6–25.

A claimant's RFC is "the most [they] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). When assessing RFC, an ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *1 (July 2, 1996). An ALJ's RFC assessment must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.* at *7.

Having carefully reviewed the ALJ's decision, the Court agrees that Plaintiff's RFC was improperly assessed. The ALJ provided a fulsome discussion of Plaintiff's medical history and allegations of pain. Tr. 1674–77. However, they did not explain why Plaintiff must be able to "change positions throughout the workday as needed up to 2 times per hour for up to 10 minutes at a time while remaining on task." Tr. 1673.

An ALJ's failure to justify RFC provisions concerning a claimant's need to change physical positions throughout the workday constitutes error. *See, e.g.*, *Candace W. v. Kijakazi*, No. TJS-20-3344, 2022 WL 521967, at *3 (D. Md. Feb. 22, 2022); *Ronald J. v. Kijakazi*, No. GLS-21-01845, 2022 WL 3134446, at *2 (D. Md. Aug. 5, 2022). In *Candace W.*, the RFC assessment required the claimant to "sit or stand at 25 minute intervals, for no more than one to three minutes at a time." *Candace W.*, 2022 WL 521967, at *2. The Court observed that there was "no narrative discussion of what medical evidence led the ALJ to conclude that a break from sitting would be necessary after [25] minutes (as opposed to earlier or later), or why a 1–[3] minute break (rather than a longer one) would be adequate." *Id.* (alterations in original). Because the ALJ "fail[ed] to support the sit/stand option with evidence in the record," the Court remanded the case for further analysis. *Id.* at *3.

Similarly, in *Ronald J.*, the Court found that remand was warranted when an ALJ failed to explain why a claimant "must be able to 'adjust position every [forty-five] minutes' at work to accommodate" his physical limitations. *Ronald J.*, 2022 WL 3134446, at *2 (alteration in

*Deborah O. v. O'Malley*
Civil No. 23-2680-CDA
August 22, 2024
Page 4

original).  Relying on the reasoning of *Candace W.*, the Court held that the ALJ's failure to justify the limitation and to explain how the claimant could remain on task despite a "need to alternate between sitting and standing" warranted remand.  *Id.* at *4.

Here, as in *Candace W.* and *Ronald J.*, the ALJ provided no explanation for determining (1) that Plaintiff must adjust her physical position at the intervals specified or (2) that Plaintiff can remain on task while doing so.  As Plaintiff correctly notes, an ALJ is required to support their RFC assessment with a discussion showing "how the evidence supports each conclusion."  ECF 11, at 6 (quoting SSR 96-8p, 1996 WL 374184, at *7) (emphasis omitted).  The ALJ has erred by failing to do so.

If an ALJ properly assesses Plaintiff's RFC by applying the procedures set forth in SSR 96-8p, they may conclude that the evidence warrants a more limiting RFC assessment with respect to Plaintiff's need for physical adjustments during the workday.  An ALJ may also determine, having properly relied upon the evidence of record, that Plaintiff's need to change positions causes her to spend time off task.  Because either of these findings could alter the outcome of this case at step five,[2] remand is warranted.  As the Court remands the case on these grounds, it does not address Plaintiff's other arguments and it expresses no view as to the ultimate merits of Plaintiff's applications for Social Security benefits.

## V.    <u>CONCLUSION</u>

For the reasons set forth herein, Plaintiff's Motion for Remand, ECF 11, is GRANTED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge

---

[2] Here, the vocational expert testified that a hypothetical employee who spends more than ten percent of their time off task would not be employable.  Tr. 1722.